## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Randall W. Petersen** ) | **CASE NO.** ------------- |
| **11812 Painesville-Warren Road** ) | |
| **Painesville, Ohio 44077** ) | **JUDGE** ---------------- |
| ) | |
| **Plaintiff,** ) | **COMPLAINT** |
| ) | **(Type: Other Civil; Employment** |
| **vs.** ) | **Discrimination; Title VII; Jury Demand** |
| ) | **Endorsed Hereon.)** |
| **Ohio State Highway Patrol** ) | |
| **Chardon Patrol Post 28** ) | |
| **530 Center Street** ) | |
| **Chardon, Ohio 44024** ) | |
| ) | |
| **and** ) | |
| ) | |
| **Ohio Department of Public Safety** ) | |
| **1970 West Broad Street** ) | |
| **Columbus, Ohio 43223** ) | |
| ) | |
| **and** ) | |
| ) | |
| **Ohio State Highway Patrol** ) | |
| **1970 West Broad Street** ) | |
| **Columbus, Ohio 43223** ) | |
| ) | |
| **Defendants.** | |

Plaintiff, Randall W. Pettersen, for several causes of action and claims for relief against Defendants Ohio Department of Public Service, Ohio State Highway Patrol and Ohio State Highway Patrol, Chardon Post 28, jointly and severally, avers, as of all times pertinent, the following matters and things.

### Background, Jurisdiction and Venue

1. Plaintiff was and is a resident of the above address and was, employed by the above-named Ohio State Highway Patrol and/or Ohio Department of Public Safety as a law enforcement officer and at times all times relevant to the allegations contained herein

1

was assigned to the Ohio State Highway Patrol, Chardon Patrol Post 28 (collectively referred to as "Defendants").

2.  Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. to remedy acts of employment discrimination and retaliation perpetrated against him by Defendants. Plaintiff further asserts that management retaliated against him on account of his race (Caucasian) and for his protected activity in the form of complaints about race-based disparate treatment in the workplace all of which created a hostile working environment for him, as well as other Caucasian coworkers, all of which led to his pretextual termination on July 18, 2021.

3.  At all times relevant hereto, Defendants employed and/or employ more than 15 employees so as to be covered by and subject to Title VII.

4.  This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

5.  Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was, at all times relevant hereto, employed by the Defendants at the OSHP Chardon Post 28 in Chardon, which is located in this judicial district and all decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

6.  At times relevant hereto Plaintiff held the rank of Sergeant, and dad worked for the Defendants for some nineteen years.

**Facts**

7.  All relevant, material and pertinent foregoing averments are reiterated as if restated herein.

8.  Plaintiff is a Caucasian male and was at all times relevant hereto, employed by the Ohio State Highway Patrol, a division of the Ohio Department of Public Safety.

9.  He was employed for some 19 years until he was terminated on July 18, 2021.

10. He held the rank of Sergeant and was, among other things, responsible for supervising the Troopers assigned to the OSHP Chardon Post.

11. His immediate supervisor was Lieutenant Lawrence Roberts. Lt. Roberts was of African American descent. He had been Plaintiff's supervisor for some three years prior to the termination. Lt. Roberts was responsible for the day-to-day operations of the Chardon Post.

12. In 2018 Lt. Roberts initiated an investigation into whether Plaintiff was permitted under the policies and procedures of Defendants to have an ownership interest in an outside business and whether he had properly notified Defendants of his business interest. After an investigation, Plaintiff was terminated for, according to Lt. Roberts and the OSHP, failing to report that he had an ownership interest in a bar. After pursuing the grievance process, including an arbitration, under the terms of a collective bargaining agreement, Plaintiff's termination was overturned, his employment was reinstated, and he returned to active duty as a Sergeant However, the arbitrator did not overturn the 216-day suspension.

13. Despite the overall outcome of the arbitration, the circumstances surrounding the 2018 termination demonstrate that Plaintiff had complied with the policies and procedures of the OSHP as well as guidance from his chain of command regarding his actions related to disclosing his ownership interest in the business.

14. Plaintiff contends the investigation was initiated by Lt. Roberts and his termination by his chain of command was pretextual and was actually based upon a race-based animus

toward Plaintiff.

15.  During the time Lt. Roberts supervised, Plaintiff and other Caucasian Sergeants and Troopers at the OSHP Chardon Post observed and concluded that Lt. Roberts was treating Caucasian Sergeants and Troopers less favorably that similarly situated employees of African American descent. Plaintiff and his Caucasian coworkers were working with their Union representatives to bring their complaints of race-based disparate treatment to the attention of upper management at the OSHP. It was well know at the OSHP Chardon Post that Plaintiff was leading the efforts to bring these complaints to the attention of management.

16. Lt. Roberts knew of this protected activity on the part of Plaintiff and the other Caucasian Troopers and Sergeants.

17. Two months before the 2018 suspension would have been removed from consideration for further progressive discipline, Lt. Roberts initiated an investigation into whether Plaintiff had failed to schedule a parade detail for troopers from OSHP Chardon Post to participate in a drive-by a child's home (the child had returned home after a long hospitalization) with other police and fire departments. Due to staffing issues at the Post, Plaintiff determined that the Post could not staff the parade detail. Lt. Roberts asserted that Plaintiff had disobeyed his direct order to schedule the parade detail.

18. Lt. Roberts engaged in a further act of race-based discrimination and/or retaliation against Plaintiff by initiating as investigation in an effort to punish Plaintiff and to cause his coworkers to stop pursuing their complaints. Of race-based disparate treatment.

19. The Chardon Post and OSHP Warren District receive requests for parade details on a regular basis. There are many other instances where requests for parade details are not staffed.

20. After an administrative investigation, Plaintiff was terminated on July 18, 2021. The termination was pretextual.

21. Lt. Roberts and the other African American supervisors in Plaintiff's chain of command, locally and in the Columbus headquarters, including Colonel Richard S. Fambro, Superintendent, Lieutenant Colonel Charles Jones, Assistant Superintendent, Captain Nakia Hendrix, District 4 Commander, have fostered and condoned race-based disparate treatment of Caucasian employees employed at the OSHP Chardon Post.

22. Plaintiff grieved the termination, and an arbitration hearing was held on December 14, 2021. The arbitrator upheld the termination; however, Plaintiff's claims of race-based disparate treatment and retaliation were not raised in the grievance process or at the arbitration.

23. At all times relevant hereto, Plaintiff was treated less favorably than comparable employees and coworkers on account of his race and/or in retaliation for his complaints and actions to address the race-based disparate treatment of himself and the other Caucasian Troopers and Sergeants at the OSHP Chardon Post.

24. The acts on omissions of Lt. Roberts to seek out pretextual discipline of Plaintiff, as well as the acts and omissions of the African American supervisors and managers in Plaintiff's chain of command, created, fostered and condoned a race-based and retaliation-base hostile work environment all of which led to the termination of Plaintiff. The stated bases for the decision to terminate Plaintiff are pretextual.

25. On or about May 2, 2022, Plaintiff timely filed a timely charge of race-based discrimination and retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC"); said charge is attached hereto (and incorporated by reference) as Plaintiff's Exhibit "A" ("PXA").

26. The EEOC did not conduct an investigation and issued a Notice of Suit Rights on September 22, 2022; a copy of said notice is attached hereto as Plaintiff's Exhibit "B" ("PXB"), and is hereby fully incorporated by reference.

27. PXA and PXB establish that all conditions precedent to this action under Title VII have been met.

### Count I (Title VII (Race-based Discrimination)

28. All relevant, material and pertinent foregoing averments are reiterated as if fully stated herein.

29. By reason of the foregoing acts and omissions of raced-based discrimination by the Defendants all of which created, fostered and condoned a hostile work environment in violation of Title VII, Plaintiff has been damaged in said sums of Back and Front Pay and Compensatory Damages, plus reasonable attorneys' and experts' fees and costs under 41 U.S.C. §1988.

### Count II (Title VII – Retaliation)

30. All relevant, material and pertinent foregoing averments are reiterated as if fully stated herein.

31. By reason of the foregoing acts and omissions of retaliation by the Defendant against Plaintiff on account of his engagement in activity protected under Title VII all of which created, fostered and condoned a hostile work environment in violation of Title VII, Plaintiff has been damaged in said sums of Back and Front Pay and Compensatory Damages, plus reasonable attorneys' and experts' fees and costs under 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands:

    **A.** Trial by jury on all Counts and issues of law, followed by bench trial to the Court on remaining issues of equity, if any;

**B.**  Judgment for Plaintiff and against the Defendants on Counts I and II for said sums of Back and Front Pay and Compensatory Damages and/or reasonable attorneys' and expert witness' fees and costs under 41 U.S.C. §1988, as to Plaintiff's Title VII raced-based discrimination and retaliation claims, as well as the hostile work environment created fostered and condoned by Defendants;

**C.**  Judgment for pre-judgment interest on any and all damage awards, plus costs; and

**D.**  Such other and further relief and redress as is just and equitable under the circumstances

Respectfully submitted,

s/ John F. Myers

_____

John F. Myers #0032779
234 Portage Trail
Cuyahoga Falls, Ohio 44221
330-819-3695
johnmyerscolpa@gmail.com
Attorney for Plaintiff